IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| KELLY CARLIN and DANETTE TORRES, on behalf of themselves and all others similarly situated, | ) ) ) ) | Civil Action No. 9:17-cv-02638 |
| Plaintiffs, | ) ) ) | **ORDER ON MOTION FOR SETTLEMENT APPROVAL** |
| v. | ) ) | |
| HUDSON SEAFOOD CORPORATION, d/b/a HUDSON'S SEAFOOD HOUSE ON THE DOCKS; and JOHN DOE 1-10, individually, | ) ( ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Parties' joint motion for settlement approval. (Dkt. No. 13). For the reasons set forth below, the Court grants the motion.

## I.   Background and Relevant Facts

Plaintiffs Kelly Carlin and Danette Torres are former employees of Defendant Hudson Seafood Corporation. Plaintiffs alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), in particular, by violating § 203(m), the tip credit provision. Plaintiffs also alleged pendant state law claims under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.* ("SCPWA"). The Parties have agreed on a monetary settlement to resolve Plaintiffs' claims against Defendant. On November 29, 2017, the parties jointly moved for approval of their Settlement Agreement. (Dkt. No. 13.) Under the Agreement, Defendant agrees to pay a total settlement of $42,104.62 to resolve this action. Of the total settlement, Plaintiff Kelly Carlin is to receive $18,850.47[1], and Plaintiff Danette Torres is to

---

[1] This amount includes $7,162.83 for back wages, $7,162.83 for liquidated damages, and $4,524.81 for amounts allegedly tipped-out to other employees plus treble damages.

-2-

receive $5,912.30[2]. Plaintiffs' counsel, Bruce E. Miller, is to receive $17,341.85 for attorney's costs and fees. The parties reported that the above amounts were already delivered to counsel for Plaintiffs on November 1 and November 17, 2017. (Dkt. No. 13-1 at 2.) The Court held a fairness hearing on December 15, 2017.

## II. Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions, *see Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."), and because federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness, *see Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III. Discussion

To determine whether to approve the proposed Settlement Agreement, the Court must consider (i) whether the award reflects a reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed

---

[2] This amount includes $1,966.96 for back wages, $1,966.96 for liquidated damages, and $1,978.38 for amounts allegedly tipped-out to other employees plus treble damages.

FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement was fair and reasonable. *See, e.g., Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013); *Lomascolo v. Parsons Brinckerhoff, Inc.*, Civ. No. 1:08-1310, 2009 WL 3094955, at *1 (E.D. Va. Sept. 28, 2009).

### A.    Bona Fide Dispute

Plaintiffs allege Defendant failed to pay them certain wages in violation of the FLSA, and Defendants deny those allegations. A bona fide dispute exists.

### B.    Fair and Reasonable Settlement

To determine whether a proposed FLSA settlement is fair and reasonable, the Court considers the following factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo*, 2009 WL 3094955, at *10. The Court has considered each of these factors.

This settlement was reached before any formal discovery took place, but extensive discovery is not always necessary to reach a reasonable settlement. Absent any evidence of fraud or collusion, the Court presumes none occurred. *Id.* at *12. Here, nothing suggests fraud or collusion. Plaintiffs' counsel Bruce E. Miller has practiced labor law for over twenty years and has specialized for the past three years on cases involving the same tip credit provision at issue here. The Court is satisfied that Plaintiffs' counsel is competent to handle the settlement of this

matter. Although the Court will not blindly follow counsel's opinion on a settlement's fairness and reasonableness, it will afford some weight to the opinion of Plaintiffs' counsel expressed in the joint motion for approval. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). In the joint motion for settlement approval, Plaintiffs' counsel has represented that the settlement constitutes the full relief Plaintiffs could potentially recover from Defendant should they prevail in this lawsuit and that the amount tendered by Defendants fully compensates Plaintiffs for the following components of damages: loss of the tip credit for the entire time they worked for Defendant; liquidated damages in amounts equal to the amount paid to Plaintiffs for loss of the tip credit; all amounts Plaintiffs tipped out to other employees; treble damages for all amounts tipped out by Plaintiffs to other employees; and reasonable attorneys' fees and costs. (Dkt. No. 13 at 1-2.) Finally, Plaintiffs' counsel represents that the proposed settlement award will allow the parties to "avoid continued costs, expenses, and the uncertainty of future litigation." (Dkt. No. 13-1 at 1.) The Court has considered the above factors and determined that the total settlement amount of $42,104.62 is fair and reasonable.

**C.   Attorneys' Fee**

The FLSA provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The lodestar number generally represents a reasonable attorney's fee. To calculate the lodestar number the court multiplies a reasonable hourly rate by the number of hours reasonably expended. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014).

In a declaration filed with the motion for settlement approval, Mr. Miller explained that his "firm took this case on a contingency basis with the agreement that [it] could receive attorney's fees up to the larger of the following: 1) Forty (40%) percent of the total recovery,

including any amount for attorneys' fees; or 2) our hourly rates based on our time (also known as the "Lodestar Rate"), whichever was greater." (Dkt. No. 13-2 at 3.) Mr. Miller has calculated his firm's costs and fees through November 29, 2017 to be $12,741.00. (*Id.*) In light of the total recovery in this case and the likelihood that Plaintiffs' attorney's fees would increase were this litigation to continue, the Court finds proposed attorneys' fees of $17,341.85 to be reasonable.

The Parties believe the settlement reached and agreed upon to be fair and reasonable. A copy of the Settlement Agreement was attached to the Joint Motion for Approval of Settlement. (Dkt. No. 13-1.) After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claims against Defendant, review of the Settlement Agreement, and review of the Declaration of Plaintiffs' attorney Bruce E. Miller, I find that the proposed settlement in this case meets the standard for approval and is just and reasonable and in the best interest of the Parties. I further find the settlement was reached in good faith.

## IV. Conclusion

For the foregoing reasons, the joint motion to approve settlement (Dkt. No. 13) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December  15 , 2017
Charleston, South Carolina